UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LLOYD HOPKINS,

        Plaintiff,

v.                                                Case No. 23-cv-0482-bhl

LUKE P SINCLAIR, et al,

        Defendants.

## SCREENING ORDER

On April 6, 2023, Plaintiff Lloyd Hopkins filed a small claims action against several government attorneys in Milwaukee County Circuit Court. (ECF No. 1-4 at 1.) A week later, Defendants removed the action to this Court. (ECF No. 1.) Because the action is clearly frivolous, it will be dismissed.

"District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). A suit is frivolous when the plaintiff "can make no rational argument in law or facts to support his . . . claim for relief." *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) (quoting *Jones v. Morris*, 777 F.2d 1277, 1279-80 (7th Cir. 1985)). Rational arguments in support of a claim for relief are impossible where "the plaintiff's allegations are so 'fanciful,' 'fantastic,' and 'delusional' as to be 'wholly incredible.'" *Bussie v. Attorney General*, 2013 WL 3934179, at *2 (W.D. Wis. July 30, 2013) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). While *pro se* pleadings are held to less stringent standards than those drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), not even excessively liberal construction rescues frivolous *pro se* complaints. *See Denton*, 504 U.S. at 33.

Hopkins' complaint alleges "TREASON & INFRINGMENT [sic]" against Luke P. Sinclair, Gregory Haanstad, and Samuel Christensen, apparently because of some action of the Social Security Administration, an entity no Defendant is associated with. (ECF No. 1-4 at 2.) This is not the first time he has curtly accused the government and its agents of malfeasance. (*See*

23-cv-0008-bhl, ECF No. 1-1 at 2 (alleging "Treason & Alluding"); 21-cv-0884-WCG, ECF No. 1-2 at 2 (Complaint against the Social Security Administration reading: "You guys lied to me to").) This Court dismissed Hopkins' previous cases for failure to state a claim. (23-cv-0008-bhl, ECF No. 3; 21-cv-0884-WCG, ECF No. 3.) His latest effort fares no better. Accordingly, the Court will dismiss this case.

Normally, courts should afford *pro se* plaintiffs leave to amend their defective complaints. *See Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But this is only necessary when "frivolous factual allegations could be remedied through more specific pleading" or where the absence of sufficient facts in the complaint is due to the unskilled nature of the *pro se* plaintiff. *Alston v. DeBruyn*, 13 F.3d 1036, 1039 (7th Cir. 1994) (citations omitted). Hopkins is a serial filer whose back catalog of complaints is marked by frivolousness. (*See* 23-cv-0008-bhl, ECF No. 1-1; 21-cv-0884-WCG, ECF No. 1-2; 22-cv-0971-bhl, ECF No. 1-2; 22-cv-0972-bhl, ECF No. 1-2; 22-cv-1429-bhl, ECF No. 1-1.) Allowing him leave to amend would prove futile—no amount of additional pleading would substantiate a claim of treason against Defendants. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 522 (7th Cir. 2015) (recognizing that district courts may deny leave to amend when any amended would be futile). Dismissal will therefore be with prejudice.

**IT IS HEREBY ORDERED** that Hopkins' complaint is **DISMISSED** with prejudice. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on April 14, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge